UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| HERBINA R. EVANS, | : | Case No. 3:18-cv-303 |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Plaintiff Herbina R. Evans brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. She applied for benefits on February 2, 2015, asserting that she could no longer work a substantial paid job. Administrative Law Judge (ALJ) Gregory G. Kenyon concluded that she was not eligible for benefits because she is not under a "disability" as defined in the Social Security Act.

The case is before the Court upon Plaintiff's Statement of Errors (Doc. #5), the Commissioner's Memorandum in Opposition (Doc. #7), and the administrative record (Doc. #3).

Plaintiff seeks a remand of this case for payment of benefits or, at a minimum, for

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

further proceedings. The Commissioner asks the Court to affirm ALJ Kenyon's non-disability decision.

## II. Background

Plaintiff asserts that she has been under a "disability" since September 6, 2013. She was thirty-eight years old at that time and was therefore considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). She has a high school education. *See* 20 C.F.R. § 416.964(b)(4).

Plaintiff generally agrees with ALJ Kenyon's summary of the medical facts. (Doc. #5, *PageID* #2392). Accordingly, those facts are incorporated herein. (Doc. #3, *PageID* #s 39-51).

## III. Standard of Review

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability"—as defined by the Social Security Act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399,

406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV.   **The ALJ's Decision**

As noted previously, it fell to ALJ Kenyon to evaluate the evidence connected to

Plaintiff's application for benefits. He did so by considering each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful employment since February 2, 2015.
>
> Step 2: She has the severe impairments of chronic obstructive pulmonary disease, sarcoidosis, (symptoms attributed to) fibromyalgia, degenerative disc disease of the lumbosacral spine, depressive disorder, and history of substance abuse.
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … subject to the following limitations: (1) no more than occasional stooping, crouching, kneeling, balancing; (2) no more than occasional climbing of ramps or stairs; (3) no crawling; (4) no climbing of ladders, ropes, or scaffolds; (5) no work around hazards such as unprotected heights or dangerous machinery; (6) no more than infrequent or incidental exposure to temperature extremes, respiratory irritants, or excessive levels of humidity; (7) limited to performing unskilled, simple, repetitive tasks; (8) no more than occasional contact with co-workers, supervisors, or the general public; (9) no fast-paced production work or jobs involving strict production quotas; (10) limited to performing work involving very little, if any, change in job duties or work routine from one day to the next; (11) no occupational exposure to drugs or alcohol."
>
> Step 4: She is unable to perform any of her past relevant work.
>
> Step 5: She could perform a significant number of jobs that exist in the national economy.

(Doc. #3, *PageID* #s 36-53). These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability. *Id.* at 52.

## V. Discussion

Plaintiff contends that the ALJ incorrectly created and relied on a residual functional capacity (RFC) that produced relevant work at step five of the sequential process. "RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's residual functional capacity (RFC). 20 C.F.R. §§ 416.920(a)(4)(iv); 416.946(c). But, the ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s)-- submitted by an individual's treating source or other acceptable medical sources." *Id.* (footnote omitted).

In the present case, Plaintiff asserts that the ALJ erred in determining Plaintiff's RFC because "there are no restrictions in [ALJ's RFC assessment] based on off task or absences allowances in the workplace." (Doc. #5, *PageID* #2394). According to Plaintiff, "Despite finding that 'pain complaints attributed to fibromyalgia feature prominently' in the record and that safety concerns would arise due to narcotic pain medication, fatigue, or chronic pain, ALJ Kenyon failed to include the effect Ms. Evans' chronic pain, fatigue, and use of narcotic pain medication would have on her ability to stay on task in the workplace and her ability to show up for work on a regular basis." *Id.* (citing Doc. #3, *PageID* #s 40, 46, 48). This is significant, Plaintiff contends, because the

vocational expert testified that an employer will not accommodate an individual missing two days per month or being off task ten percent or more of the time.

Plaintiff is correct that the ALJ found that "ongoing generalized pain complaints attributed to fibromyalgia feature prominently enough in the medical record to justify inclusion of (symptoms attributed to) fibromyalgia as a 'severe' impairment." (Doc. #3, *PageID* #40). Likewise, the ALJ concluded that Plaintiff should not be expected to work around hazards such as unprotected heights or dangerous machinery "to address possible safety concerns and because of potential concentration deficits that might arise as a side effect of narcotic pain medication or as a direct consequence of fatigue or chronic pain or depression." *Id.* at 48.

But Plaintiff does not point to any medical opinion or evidence that supports her assertion that her chronic pain, fatigue, or use of narcotic pain medication would affect her ability to stay on task or show up to work. This is problematic because the ALJ's findings do not suggest that Plaintiff will be off task for ten percent of the time. Nor do they suggest Plaintiff will be absent from work twice a month. Indeed, the ALJ concludes that his RFC assessment "depict[s] a reasonable and accurate estimation of [Plaintiff's] actual capabilities" and the "restrictions take into account any potential limitations that might result from documented mental impairment[s]." *Id.* at 48. In other words, the ALJ determined that no additional mental or physical restrictions should be added to the RFC.

Additionally, no medical source opined that Plaintiff would be off task or absent. Gregory S. Johnson, Ph.D., evaluated Plaintiff in April 2015 and found that Plaintiff "has

6

little to no elevated risk for dysfunction in maintaining attention and concentration in simple tasks." *Id.* at 1310. The ALJ's RFC restricts Plaintiff to performing unskilled, simple, and repetitive tasks. *Id.* at 46. Both record-reviewing psychologists found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. Vicki Warren, Ph.D., adopted the prior ALJ's mental RFC. *Id.* at 204-05, 224. The prior ALJ limited Plaintiff to unskilled work featuring no more than occasional personal contacts in the workplace and no production quotas. *Id.* at 185. Todd Finnerty, Psy.D., did not adopt the prior ALJ's mental RFC. He opined Plaintiff was able to complete simple tasks without fast pace. *Id.* at 229. She can adapt to infrequent changes in the work place but changes should be explained beforehand. *Id.* at 231. Further, she can engage in occasional and superficial interpersonal contacts in the workplace. *Id.* at 230. ALJ Kenyon's RFC includes all of the limitations opined by Dr. Johnson, Dr. Warren, and Dr. Finnerty. These medical opinions constitute substantial evidence in support of the ALJ's RFC assessment. Thus, Plaintiff's argument lacks merit.

Plaintiff also contends that the ALJ "failed to fully consider essential vocational expert testimony that accurately portrays Ms. Evans' physical and mental impairments." (Doc. #5, *PageID* #2395). During the hearing, the ALJ asked the vocational expert to assume the existence of a hypothetical individual of Plaintiff's age, education, and prior work experience who was limited to performing sedentary work with the following restrictions:

> Limited to occasional crouching, kneeling, stooping, balancing, and climbing of ramps and stairs. No crawling or climbing of ladders, ropes or scaffolds. No exposure to

>hazards such as unprotected heights or dangerous machinery. No concentrated exposure to temperature extremes, respiratory irritants or excess levels of humidity.
>Limited to performing unskilled, simple, repetitive tasks. Limited to occasional contact with coworkers, supervisors and members of the general public. No fast-paced production-oriented work or jobs which involve strict production quotas. Limited to performing jobs which involve very little if any change in the job duties or the work routine from one day to the next day; and limited to performing jobs which do not involve occupational exposure to drugs or alcohol.

(Doc. #3, *PageID* #s 90-91). The ALJ asked if the hypothetical person could perform Plaintiff's past work. *Id.* The vocational expert responded that the person could not perform Plaintiff's past work but there are other unskilled jobs the hypothetical person could perform. *Id.* at 91-92. Examples include the occupations of film touch-up inspector, addresser, and document preparer. *Id.* at 92. A limitation to jobs that involve only infrequent or incidental exposure to temperature extremes, respiratory irritants, or excess levels of humidity would not change the available jobs. *Id.* However, if the hypothetical person was absent two times per month, there is no competitive work activity that could be performed on a long-term basis. *Id.* at 93. Likewise, if a hypothetical worker was off task ten percent or more of the time, it would be work preclusive. *Id.* at 94.

Neither the hypotheticals posed to the vocational expert nor his responses are evidence that Plaintiff would be absent two times a month or that she would be off task more than ten percent of the day. Although the ALJ asked about absences and Plaintiff's attorney asked about being off task, the ALJ did not include those limitations in his RFC

8

assessment. This does not constitute error because the ALJ's original hypothetical question reflected the limitations set forth in the RFC assessment and, as explained in more detail above, substantial evidence supports the ALJ's RFC assessment. *See Lancaster v. Comm'r of Soc. Sec.*, 228 F. App'x 563, 573 (6th Cir. 2007) ("'While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments.'") (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984)); (citing *Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir. 1982) ("This Court has repeatedly warned that hypothetical questions posed to vocational experts ... should precisely set out the claimant's particular physical and mental impairments.")).

The court's review of an ALJ's decision is limited to determining whether the ALJ applied the correct legal standard and whether the ALJ's decision is supported by substantial evidence. *Gayheart,* 710 F.3d at 374. In the present case, ALJ Kenyon applied the correct legal standards to determine Plaintiff's residual functional capacity. Substantial evidence supports the ALJ's decision.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability decision be affirmed; and
2. The case be terminated on the Court's docket.

August 28, 2019                                *s/Sharon L. Ovington*
                                               Sharon L. Ovington
                                               United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).